IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA D. MCGRIFF, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 21-021 (MN) |
| MARY QUINN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 7th day of July 2021, having reviewed the Amended Complaint;

IT IS HEREBY ORDERED as follows:

Plaintiff Joshua D. McGriff, an inmate at James T. Vaughn Correctional Center, filed this Complaint pursuant to 42 U.S.C. § 1983 against City of Wilmington and Wilmington Police Department defendants and Delaware Department of Correction defendants. (D.I. 2). He filed an Amended Complaint on April 29, 2021, and it is the operative pleading. (D.I. 11). Plaintiff has improperly joined several claims which rest upon different factual bases. This Court must sever the claims so the litigation can proceed in a logical fashion.

Rule 20 of the Federal Rules of Civil Procedure allows a plaintiff to join multiple defendants in one action if: (A) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009). "But this application, however liberal, is not a license to join

unrelated claims and defendants in one lawsuit." *McKinney v. Prosecutor's Office*, C.A. No. 13-2553, 2014 WL 4574414, at *14 (D.N.J. June 4, 2014). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's May 19, 2020 failure to preserve evidence and conspiracy claims against Mary Quinn, Lawrence Matic, Officer DeBarnaventure, the City of Wilmington, and the Wilmington Police Department are distinct from the facts underlying Plaintiff's October 26, 2020 excessive force, housing in segregation, and conspiracy claims against the Delaware Department of Correction, Howard R. Young Correctional Institution, and C/O Bucknor (Compare D.I. 11 ¶¶ 1-16, 23 to ¶¶ 17-22, 24). The claims will be severed into two cases.

1. The first case, C.A. No. 21-021-MN contains the following parties: Plaintiff, Joshua D. McGriff; Defendants, Mary Quinn, Lawrence Matic, Officer DeBarnaventure, the City of Wilmington, and the Wilmington Police Department.

2. Delaware Department of Correction, Howard R. Young Correctional Institution, and C/O Bucknor are DISMISSED from the first case.

3. Paragraphs ¶¶ 17-22 and 24 of the Amended Complaint (D.I. 11) are STRICKEN from the first case.

4. The Clerk of Court is directed to OPEN a new case, referred to as the second case. The parties in the second case are Plaintiff, Joshua D. McGriff; Defendants Delaware Department of Correction, Howard R. Young Correctional Institution, and C/O Bucknor. The Amended Complaint (D.I. 11 in the first case C.A. No. 21-021-MN) shall be docketed as the Complaint in the newly opened second case.

5. Paragraphs ¶¶ 1-16 and 23 of the Complaint in the second case are STRICKEN.

6.  Mary Quinn, Lawrence Matic, Officer DeBarnaventure, the City of Wilmington, and the Wilmington Police Department shall not be docketed as Defendants in the second case.

7.  A copy of the January 14, 2021 Order granting Plaintiff *in forma pauperis* (D.I. 5) status in the first case shall be filed in the newly opened second case. Within **thirty days** from the date of this order, Plaintiff shall complete, sign and return to the Clerk of Court, the attached authorization form allowing the agency having custody of him to forward the $1.00 initial partial filing fee and subsequent payments to the Clerk of the Court. **FAILURE OF PLAINTIFF TO RETURN THE SIGNED AUTHORIZATION FORM WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THE SECOND ACTION WITHOUT PREJUDICE. NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSHUA D. MCGRIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-996 (MN) |
| | ) | |
| DE DEPARTMENT OF CORRECTION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## AUTHORIZATION

I, Joshua D. McGriff, SBI # 614682, request and authorize the agency holding me in custody to disburse to the Clerk of the Court the initial partial filing fee of $1.00 and the subsequent payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated January 14, 2021.

This signed authorization is **furnished to the Clerk of Court** in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $350.00. I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _____, 2021.

_____
**Signature of Plaintiff**