IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA D. MCGRIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-996 (MN) |
| ) | |
| DELAWARE DEPARTMENT OF ) | |
| CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Joshua D. McGriff – Pro Se Plaintiff.

Andrew Robert Fletcher, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorneys for Defendants.

February 13, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Joshua D. McGriff, an inmate at the James T. Vaughn Correctional Center filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 3). The operative pleading is Plaintiff's Amended Complaint. (D.I. 16). Defendants move for partial dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 20). Plaintiff has filed a second motion to appoint counsel (D.I. 15) and a Motion for Production of Documents (D.I. 17). Defendant has also moved to stay discovery proceedings pending the Court's ruling on the motion to dismiss (D.I. 22).

**I.      BACKGROUND**

This matter arises from a separate action, which was filed in this Court in January 2021, with a complaint dated December 29, 2020. *See McGriff v. Quinn*, No. 21-cv-21-MN, D.I. 1. In April 2021, Plaintiff filed an amended complaint in *McGriff v. Quinn* (now the original Complaint in this matter). (D.I. 1).[1] On July 7, 2021, the Court issued a Memorandum Order severing the claims in *McGriff v. Quinn* into two cases. (D.I. 4).

The instant case proceeds on paragraphs 17 through 22 and 24 of the Complaint against Defendants Delaware Department of Correction ("the DOC"), Howard R. Young Correctional Institution ("HRYCI"), and Correctional Officer Shevario Bucknor. (*Id.*). The Court screened the case and dismissed the DOC and HYRCI, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2), based upon immunity from suit. (D.I. 10). The Court concluded that Plaintiff had alleged what appeared to be a cognizable and non-frivolous excessive force claim against

---

[1]   Because the amended complaint in *McGriff v. Quinn* only made minor changes by hand to a copy of the original complaint, the amended complaint (now the original Complaint in this matter) is confusingly dated December 29, 2020. (D.I. 1 at 12).

Defendant Bucknor, and thus allowed Plaintiff to proceed on that claim. (*Id.*). On April 21, 2022, Defendant Bucknor filed an Answer to the Complaint. (D.I. 13).

On May 3, 2022, Plaintiff filed an Amended Complaint, which again brought claims against the DOC, HRYCI, and Bucknor, and added as additional defendants Correctional Officer M. Lopez, Warden Akinbayo, Staff Lt. Gibson, and Captain Sheets. (D.I. 16). As in his previous complaint, Plaintiff alleges that while he was confined at HRYCI, Defendant Bucknor, without provocation, sprayed him in the face with pepper spray and physically assaulted him. (*Id.* at 5). With regard to the new defendants, he alleges that Defendant Gibson oversees disciplinary hearings for prisoners accused of violating prison rules; that Defendant Sheets oversees the administrative unit; and that Defendant Akinbayo, in his capacity as Warden of HRYCI, reviews all administrative appeals of disciplinary charges against inmates, and was deliberately indifferent by failing to curb Defendant Bucknor's known pattern of physical abuse. (*Id.* at 6-7). Plaintiff also alleges that all individual defendants conspired to deprive him of his constitutional rights. (*Id.* at 6). For relief, he seeks compensatory and punitive damages. (*Id.* at 8).

Defendants move for partial dismissal of the amended complaint, seeking to dismiss all claims and defendants except for the excessive force claim against Bucknor. (D.I. 20). In their motion, Defendants note that the Amended Complaint appears to be missing a page, which presumably contains most of paragraph five of Plaintiff's allegations, and all of paragraphs six through nine. (*See* D.I. 16 at 5-6). Plaintiff has not filed the missing page or filed a response to Defendants' partial motion to dismiss, and the time to respond has long passed.

## II.   LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with

2

a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

### III. DISCUSSION

#### A. Eleventh Amendment

As previously explained, (*see* D.I. 9 at 4-5), the DOC and HRYCI are immune from suit. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also* 11 Del. C. § 6501 *et seq.*; *Jones v. Sussex Correctional Institute*, 725 F. App'x 157, 159 (3d Cir. 2017) (per curiam). Additionally, the DOC and HRYCI are not persons for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47, 50 (3d Cir. 2008) (per curiam). Accordingly, the claims against the DOC and HRYCI will be dismissed with prejudice.

#### B. Respondeat Superior/Personal Involvement

Liability in a 42 U.S.C. § 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). Allegations of personal involvement must also be sufficiently pled to suggest a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

To the extent Plaintiff has named Defendants Gibson, Sheets, and Akinbayo based upon their supervisory positions, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Here, there are no allegations of personal involvement, personal direction or actual knowledge and acquiescence of an alleged constitutional violation on the part of Defendants Gibson, Sheets, Akinbayo, and Lopez. Furthermore, Plaintiff's conclusory allegation that these Defendants conspired against him with Defendant Bucknor is not sufficiently pled to suggest a plausible claim for relief. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (holding that, to survive a motion to dismiss, a plaintiff alleging unconstitutional conspiracy "must assert facts from which a conspiratorial agreement can be inferred."); *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989) (holding that the complaint "must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."). Accordingly, the claims against Defendants Gibson, Sheets, Akinbayo, and Lopez will be dismissed. Plaintiff will be given leave to amend his claims against these Defendants.[2]

### C. Request for Counsel

The Court denied Plaintiff's previous request for counsel without prejudice to renew. (D.I. 9 at 5-6). Plaintiff renews his request for counsel on the same general grounds provided in his previous request—his case has merit, he cannot gather documentary evidence or obtain depositions, he is unable to afford counsel, he has limited knowledge of the law, he has a learning disability, and he has unsuccessfully sought retained counsel. (D.I. 15). Plaintiff's renewed request is denied without prejudice to renew for essentially the same reasons the Court provided

---

[2] In a letter sent to Defendants' counsel, Plaintiff indicated that he wished to remove Defendant Sheets from this action and replace him with a different individual employed at HRYCI, having apparently mistaken Defendant Sheets for the other individual. (D.I. 22-2). If Plaintiff chooses to file a second amended complaint, he may substitute this other individual for Defendant Sheets.

for denying his previous request. *See,* D.I. 9, 10, *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993).

        **D.    Plaintiff's Motion for Production of Documents and Defendants' Motion to Stay Discovery Proceedings**

Plaintiff has filed a motion for production of documents that appears primarily aimed at supporting his claims against the defendants that will be dismissed by the Order accompanying this Memorandum Opinion. (D.I. 17). As such, the motion will be denied without prejudice to renew. Defendants have filed a motion to stay discovery proceedings (D.I. 22) pending the ruling on Defendants' motion to dismiss. As the Court has now ruled on the motion to dismiss, this motion is denied as moot.

**IV.    CONCLUSION**

For the above reasons, the Court will: (1) deny Plaintiff's renewed request for counsel (D.I. 15) without prejudice to renew; (2) deny Plaintiff's motion for production of documents (D.I. 17) without prejudice to renew; (3) deny as moot Defendant's motion to stay discovery proceedings (D.I. 22); (4) grant Defendants' partial motion to dismiss (D.I. 20); (5) dismiss all claims against the DOC and HRYCI, with prejudice, based upon their immunity from suit; (6) dismiss all claims against Defendants Gibson, Sheets, Akinbayo, and Lopez, without prejudice; (7) allow Plaintiff to proceed against Defendant Bucknor on the excessive force claim; and (8) give Plaintiff leave to file a second amended complaint.

An appropriate Order will be entered.